FILED
SUPERIOR COURT
OF GUAM

2023 FEB -7 PM 3: 51

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| BENSON GUAM ENTERPRISES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>BASE CORPORATION and<br>CHE C. HONG,<br><br>Defendants. | CIVIL CASE NO. CV0763-21<br><br><br>**DECISION AND ORDER**<br>*Re: Defendants' Che C. Hong & Base Corporation's Joint Motion for Summary Judgment* |
|---|---|

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on August 23, 2022, for a hearing on Defendants' Che C. Hong and Base Corporation's Joint Motion for Summary Judgment. Present at the hearing were: Attorney Duncan McCully for Plaintiff Benson Guam Enterprises, Inc. ("Plaintiff Benson"); Attorney Tim Roberts, in place of Seth Forman, for Defendant Che C. Hong ("Hong"); and Attorney William Brennan for Defendant Base Corporation ("Base"). Having considered the arguments, briefs, and applicable law, the Court issued an Order After Hearing denying Defendants' Joint Motion for Summary Judgment on September 1, 2022. As such, this Decision and Order includes the Court analysis for **DENYING** Defendants' Joint Motion for Summary Judgment.

## PROCEDURAL BACKGROUND

This case arises from a Complaint against Defendants Base and Hong (collectively referred to as "Defendants"), filed with the Court on November 3, 2021. On November 30, 2021, Hong filed his Answer to the Complaint. Then on December 15, 2021, Base filed its Answer to Plaintiff Benson's Complaint and a Crossclaim against Defendant Hong.[1] Hong then filed his Answer to Base's Crossclaim on January 3, 2022.

A Scheduling Order and Discovery Plan was filed on May 19, 2022. Then on June 22, 2022, Hong filed a Motion for Summary Judgment arguing that the claims in Plaintiff Benson's Complaint are barred by the statute of limitations. About one month later, on July 25, 2022, Base filed a Joinder in Co-Defendant Hong's Motion for Summary Judgment. The parties stipulated to extend the time for filing an Opposition on July 26, 2022. About two days later, on July 28, 2022, Plaintiff Benson filed its Opposition to the Joint Motion for Summary Judgment. Hong filed his Reply on August 9, 2022. A hearing on the Joint Motion for Summary Judgment was held on August 23, 2022, wherein the Court denied the Joint Motion from the bench. An Order After Hearing was filed on September 1, 2022, reflecting the Court's ruling.

Before the hearing on the Joint Motion, Plaintiff Benson had filed its Motion for Summary Judgment against Defendants, on August 5, 2022.[2] Hong filed his Opposition on August 9, 2022, and Base filed its Opposition on September 6, 2022. A little over two weeks later, Plaintiff Benson filed a Consent to the Denial of its Motion for Summary Judgment. As

---

[1] Crossclaim parties:
    Defendant/Cross-Plaintiff: Base
    Defendant/Cross-Defendant: Hong

[2] At the August 23, 2022, Motion Hearing, Counsel for Hong requested to hear Defendants' Joint Motion and Plaintiff Benson's subsequent Motion for Summary Judgment together. However, Plaintiff Benson's subsequent Motion for Summary Judgment was not fully briefed, as Base had yet filed its Opposition and still had time to do so. As such, the Court issued its Order After Hearing and reserved its analysis until the matter on Plaintiff Benson's Motion for Summary Judgment was fully briefed.

such, the instant Decision and Order only includes the Court's analysis of its ruling on Defendants' Joint Motion for Summary Judgment.

DISCUSSION

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the pleadings, deposition, interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c); *see* also *Gov't of Guam v. Gutierrez*, 2015 Guam 8 ¶¶ 25-26. If, after adequate time for discovery, the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial," then summary judgment is required. *Kim v. Hong*, 1997 Guam 11 ¶ 8.

When deciding a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Gutierrez*, 2015 Guam 8 ¶ 26. If the moving party demonstrates that there are no genuine issues of material fact, the non-movant cannot merely rely on the allegations contained in the pleading and must produce some significant probative evidence to support the pleading. *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7. The Court's "*ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor on that evidence.*" *Id.* (emphasis added). The Guam Supreme Court has held that a defending moving party may satisfy its moving burden "by showing there is an absence of evidence" to support a claim. *Guam Sanko Transportation, Inc., v. Pacific Modair Corporation*, 2012 Guam 2 ¶ 7. It may also satisfy its burden by "producing evidence negating an essential element" or claim. *Id.* At the summary

judgment stage, the court should not make credibility determinations or weigh the evidence, which are jury functions. *Id.* ¶ 10.

Although the Guam Rules of Civil Procedure allow that "[a] party against whom a claim… is asserted… may, at any time, move with or without supporting affidavits for summary judgment," this does not relieve the movant from separately identifying the disputed and undisputed facts and essential elements of the cause of action for which summary dismissal is sought and applying and analyzing them under the appropriate standard. Guam R. Civ. P. 56(b); *Guam Sanko Trans.*, 2012 Guam 2 ¶ 7.

### a. Statute of Limitations

Title 7 Section 11303 establishes that the following actions must be brought within four years:

(a) An action upon any contract, obligation or liability founded upon an instrument in writing[.]

(b) An action to recover
    (1) upon a book account whether consisting of one (1) or more entries;

    (2) upon an account stated based upon an account in writing, but the acknowledgment of the account stated need not be in writing;

    (3) a balance due upon a mutual, open and current account; provided, however, that where an account stated is based upon an account of one (1) item, and *where an account stated is based upon an account of more than one (1) item, the time shall begin to run from the date of the last item.* […]

*See* 7 GCA § 11303.

Defendants rely on the holding in *Amsden v. Yamon*: "when a complaint shows on its face or on the basis of judicially noticeable facts that the case if action is barred by the applicable statute of limitations, the plaintiff must plead facts which show an excuse, tolling, or form some other basis for avoiding the statutory bar." Def. Hong. Mot. p. 3 (Jun. 22, 2022)(citing *Amsden v. Yaman*, 1999 Guam 4 ¶ 12. Defendants argue that Plaintiff Benson's

Complaint was filed after the statute of limitations had run, thus it is time barred. *See* Def. Hong. Mot. p. 3 (Jun. 22, 2022); Def. Base Joinder p. 3 (Jul. 25, 2022). Further, Defendants argue that the statute of limitations began to run on August 26, 2016, and it expired on August 25, 2020. *See* Def. Hong. Mot. p. 3 (Jun. 22, 2022), and Def. Base Joinder p. 3 (Jul. 25, 2022). This argument fails for two reasons.

> i. *Plaintiff Benson's Complaint, on its face, is not barred by the Statute of Limitations.*

While paragraph 5 of the Complaint alleges that *"from time to time, over the past few years...,"*—which does not indicate any specific date— the Court recognizes that the Complaint is spackled with the date "October 31, 2020." *See* Compl. (Nov. 3, 2021). Further, the Complaint was filed on November 3, 2021, which is just over a year from October 31, 2020. Therefore, the Complaint was filed well within the four year statute of limitations. As such, the instant action is not barred by the statute of limitations.

> ii. *Plaintiff Benson provides significant probative evidence to support its pleading.*

Under the summary judgment standard, the burden shifts to Plaintiff Benson to produce significant evidence to support their pleading. *See Flores*, 2004 Guam 25 ¶ 7. Here, Plaintiff provides two affidavits that accompany its Opposition. The affidavits reflect several relevant time periods:

- 2004: Hong first opened an account with [Plaintiff] Benson under his new company – Base Corporation. *See* Vy Decl. p. 2 (Jul. 28, 2022).

- February 2017: Base was delinquent in its payments and [Plaintiff] Benson suspended the account. *Id.* at p. 3.

- February 2019: Base Corporation's General Manager Allen Kim, requested that the account be reopened. *Id.*

- February 28, 2019: Both Plaintiff Benson and Base considered the account "open." *See Id.*

- February 18, 2020: Defendant Base paid $11,027.94. *See* Saplala Decl. Ex. C (Jul. 28, 2022).

- October 2020: Base Corporation's General Manager Allen Kim closed Defendant Base's account. *See* Vy Decl. p. 4 (Jul. 28, 2022).

Title 7 Section 11303(b)(3) states that "the time shall begin to run from the date of the *last item*." *See* 7 GCA 11303(b)(3) (emphasis added). It appears that the date of the last item occurred on February 18, 2020, when Defendant Base paid $11,027.94. Therefore, the statute of limitation is said to begin on February 18, 2020. *See* 7 GCA § 11303(b)(3). The Complaint was filed on November 3, 2021, which is about one year and nine months from the date of the last item. As such, the Complaint was filed within the four year statute of limitations. The Court notes that it is unclear which date Plaintiff Benson is operating under—October 2020 or February 18, 2020. However, either date yields that the same conclusion—that Plaintiff Benson's Complaint was filed within the statute of limitations.

The Court finds that (1) the Complaint, on its face, is not barred by the statute of limitations; and (2) Plaintiff satisfies its burden in providing significant probative evidence to support its pleadings.

## CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** Defendants' Joint Motion for Summary Judgment.

**IT IS SO ORDERED** _____FEB 0 7 2023_____.

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_P. McCully, Arriola,_
_Roberts Fowler Vrysty_
Date: _2/7/23_ Time: _3:55pm_

_____
Deputy Clerk, Superior Court of Guam